# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**IN RE PETITION OF MARZUQ AL-HAKIM**

                                                         **Case No. 8:18-mc-106-T-30AAS**

_____/

## ORDER

Marzuq Al-Hakim petitions to perpetuate testimony from United States Bank National Association (U.S. Bank) under Federal Rule of Civil Procedure 27. (Doc. 1).

Rule 27 allows a person to petition a court for an order allowing the petitioner to perpetuate testimony "about any matter cognizable in a United States court." Fed. R. Civ. P. 27(a)(1). To obtain a court order, the petitioner must show:

(A)     that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;

(B)     the subject matter of the expected action and the petitioner's interest;

(C)     the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

(D)     the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and

(E)     the name, address, and expected substance of the testimony of each deponent.

*Id.* A petitioner moving to perpetuate testimony must satisfy all five requirements

under Rule 27. *See In re Sims*, 389 F.2d 148, 150 (5th Cir. 1967) (finding petitioner met all five requirements to perpetuate testimony under Rule 27).[1] A petitioner "has no absolute entitlement to early discovery under Rule 27." *Application of Eisenberg*, 654 F.2d 1107, 1112 (5th Cir. Unit B 1981).

Mr. Al-Hakim failed to satisfy the requirements for an order allowing him to perpetuate testimony under Rule 27. First, with respect to the expectation of future litigation that cannot presently be brought, Mr. Al-Hakim states:

> 2. Petitioner cannot cause the action to be brought under 42 U.S.C. 1981, et. seq. for contract void ab initio and intentional discrimination in the enjoyment of provision of contract, based upon race being black. This fraudulent lending scheme on an elderly couple violates (FHA) 42 U.S.C. section 3605(b)(1)(A) which Federal law makes it illegal to loan one spouse to contract a mortgage.

(Doc. 1, ¶2). A petitioner who can file suit, which would allow the petitioner to obtain discovery, is not entitled to perpetuate testimony under Rule 27. *See Shore v. Acands, Inc.*, 644 F.2d 386, 388 (5th Cir. Unit A 1981) (stating petitioner must show he cannot "bring the action in *any* court, state or federal, anywhere in the United States") (emphasis in original); *see also Petition of Ford*, 170 F.R.D. 504, 506 (M.D. Ala. 1997) (denying petition to perpetuate testimony under Rule 27 because petitioner could file suit against proposed deponent). Mr. Al-Hakim's statement fails to demonstrate why he cannot bring a cause of action against U.S. Bank now.

Mr. Al-Hakim also provided filings from a foreclosure proceeding in state court

---

[1] The former Fifth Circuit's decisions are binding precedent. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

presumably brought by U.S. Bank against Mr. Al-Hakim. (Doc. 3-1).[2] Mr. Al-Hakim fails to explain why he cannot depose U.S. Bank representatives in that proceeding.

Second, with respect to the subject matter of the expected litigation and Mr. Al-Hakim's interest, Mr. Al-Hakim states:

> 4. The subject matter of the action will be where the foreclosure was filed.
>
> 5. Petitioner's interest in the action is the real property located at: 1115 Eskimo Ave., Tampa, FL 33604.

(Doc. 1, ¶¶4–5). Mr. Al-Hakim's statements indicate the subject matter of the expected litigation is a foreclosure proceeding. Mortgage-foreclosure proceedings, however, are "normally within the province of state courts." *FDIC v. Huntington Towers, Ltd.*, 443 F. Supp. 316, 319 (E.D.N.Y. 1977). A petition to perpetuate testimony under Rule 27 must show "that in the contemplated action, for which the testimony is being perpetuated, federal jurisdiction would exist and thus is a matter that may be cognizable in the federal courts." *Dresser Indus., Inc. v. United States*, 596 F.2d 1231, 1238 (5th Cir. 1979) (citation omitted). Mr. Al-Hakim's petition fails to establish this court would have jurisdiction over the expected litigation.

Third, Mr. Al-Hakim's motion fails to adequately describe the facts he wants to establish through testimony and the reasons he wants to perpetuate that

---

[2] Although the named defendant in the state-court action is Martye Shinar Gattie, the case caption indicates more than one defendant is involved in the state-court proceeding. (*See, e.g.*, Doc. 3-1, p. 3) (listing "Marty Shinar Gattie, etc. et. al." as "Defendants"). Further, many of Mr. Gattie's claims in the state-court action resemble Mr. Al-Hakim's claims here. (*See, e.g.*, *id.* at 4) (stating U.S. Bank's "foreclosure action basis is a loan signed by one spouse void ab initio").

testimony. Mr. Al-Hakim states:

> 7. U.S. Bank Trust National Association Trust. 425 Walnut St., Cincinnati, OH 45202-3923, is a necessary and material witness for Petitioner on a trial of the expected action. The testimony is and will be, competent, of it loan officer necessary, and material to the defense of the expected action and the substance of the testimony of the witness is as follows; What is U.S. Bank Trust National Association Trust policy for [such] loan, why was it not investigated.

(Doc. 1, ¶7). A petition to perpetuate testimony under Rule 27 must state clearly the facts to be elicited through testimony and why the petitioner needs to elicit those facts. *See In re Sims*, 389 F.2d at 150 (describing the facts to be elicited through perpetuated testimony under Rule 27 and why the petitioners needed to elicit those facts). Mr. Al-Hakim's statement fails to state clearly the facts he will elicit through testimony and why he wants to perpetuate testimony about those facts.

And fourth, Mr. Al-Hakim's petition fails to state the name, address, and expected substance of the testimony of each deponent.[3]

Mr. Al-Hakim's Rule 27 motion also fails to demonstrate a risk testimony will be lost if he cannot perpetuate testimony now. The court must issue an order granting a petition to perpetuate testimony under Rule 27 "[i]f satisfied that perpetuating the testimony may prevent a failure or delay of justice . . . ." Fed. R. Civ. P. 27(a)(3). The purpose of perpetuating testimony under Rule 27 is to preserve testimony, which is in danger of immediate loss. *See Petition of* Ford, 170 F.R.D. at

---

[3] Mr. Al-Hakim's petition satisfies Rule 27(a)(1)(D) because he listed the name and address of the expected adverse party. (Doc. 1, ¶3).

507 (finding petitioner failed to show testimony was "in imminent danger of being lost"). Approved justifications for allowing pre-suit depositions under Rule 27 include: geographical issues; advanced age; seriously-impaired health; rapid staff turnover; and leaving the country for an extended time. *In re Yamaha Motor Corp., USA*, 251 F.R.D. 97, 100 (N.D.N.Y. 2008) (citations omitted); *Penn Mut. Life Ins. Co. v. United States*, 68 F.3d 1371, 1375 n.3 (D.C. Cir. 1995) (noting plans to leave the country for extended time create the risk of losing testimony) (citations omitted).

Mr. Al-Hakim states:

8. The testimony of U.S. Bank Trust National Association may be lost if it is not examined now because if any life threaten sickness occurred to it corporate member is afflicted with a terminal disease and is not expected to survive until the initiation of the above action.

(Doc. 1, ¶8). Mr. Al-Hakim's statement fails to demonstrate a specific U.S. Bank corporate officer with unique knowledge about Mr. Al-Hakim's case has seriously-impaired health requiring Mr. Al-Hakim to perpetuate testimony. Mr. Al-Hakim's petition also fails to otherwise demonstrate a danger of immediately losing testimony.

Mr. Al-Hakim failed to satisfy the requirements allowing him to perpetuate testimony under Rule 27. His motion to perpetuate testimony (Doc. 1) is therefore **DENIED**. His motion to proceed *in forma pauperis* (Doc. 2) is **DENIED as moot**.

**ENTERED** in Tampa, Florida, on February 11, 2019.

_/s/ Amanda Arnold Sansone_
AMANDA ARNOLD SANSONE
United States Magistrate Judge

cc: Marzuq Al-Hakim